1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J JONES,                        Case No. 1:18-cv-01576-AWI-JDP  (HC)

12                  Petitioner,              FINDINGS AND RECOMMENDATIONS TO
                                             GRANT RESPONDENT'S MOTION TO
13         v.                                DISMISS PETITION FOR WRIT OF
                                             HABEAS CORPUS
14   RAYMOND MADDEN,
                                             ECF No. 17
15                  Respondent.
                                             ORDER DENYING PETITIONER'S MOTION
16                                           FOR APPOINTMENT OF COUNSEL AS
                                             MOOT
17
                                             ECF No. 13
18

19         Petitioner William J Jones, a state prisoner represented by counsel, seeks a writ of habeas

20   corpus under 28 U.S.C. § 2254.  Petitioner claims due process violations, alleging that prison

21   officials denied his requests to call witnesses and to present documentary evidence during a

22   prison disciplinary hearing.  Respondent moves to dismiss the petition, arguing that the court

23   should dismiss the petition because its success would not necessarily lead to immediate or

24   speedier release of petitioner.  *See* ECF No. 17.  Petitioner is serving an indeterminate term of life

25   in prison, and he cannot be released from prison absent a finding that he is suitable for parole.

26   The success of petitioner's claims, which would result in expungement of the challenged

27   disciplinary violation or grant of a new disciplinary hearing, would not necessarily lead to

28   immediate or earlier release, so this court cannot grant habeas relief.  We recommend that the

                                             1

court grant respondent's motion to dismiss.

We have considered whether petitioner should proceed under 42 U.S.C. § 1983 instead. The petition is not amenable to a conversion into a civil rights complaint under Section 1983 because petitioner has not named proper defendants. Petitioner may, however, cure that defect by filing a new complaint. Thus, we recommend that the court grant petitioner leave to file a Section 1983 complaint, as opposed to dismissing the case in its entirety.

Petitioner moves for appointment of counsel. ECF No. 13. However, he retained counsel after filing his motion for counsel, so we will deny his motion for counsel as moot.

## I.       Respondent's Motion to Dismiss

All of petitioner's habeas claims are variations of a single argument: that he had a procedurally defective disciplinary hearing before prison officials found him guilty of possessing inmate-manufactured weapons in prison.[1] Respondent moves to dismiss all claims, arguing that this court lacks jurisdiction because the petition's success would not necessarily result in immediate or speedier release of petitioner. ECF No. 17. The court should grant respondent's motion to dismiss.

If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under Section 1983. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). In *Nettles*, the Ninth Circuit considered a habeas petition that sought to expunge a prison disciplinary violation involving a California prisoner who anticipated a parole hearing. *See id*. at 925. The Ninth Circuit noted that the parole board could deny parole even if the disciplinary violation were

---

[1] Petitioner divides this same argument as four separate grounds for habeas relief: (1) the Fourteenth Amendment's Due Process Clause requires prison officials to allow inmates to call witnesses and present evidence at prison disciplinary proceedings; (2) prison officials' failure to allow petitioner call witnesses and present evidence violated petitioner's due process rights; (3) one prison official at petitioner's disciplinary hearing walked out of the room in violation of petitioner's due process; and (4) petitioner is entitled to a new hearing, which will enable him to call witnesses and present evidence. *See* ECF No. 1 at 6-9.

2

expunged, given California law that the parole board must consider all relevant information to determine an inmate's suitability for parole. *See id.* at 934-35. Under California law, a rule violation in prison was merely one of several factors indicating an inmate's threat to public safety. *See id.* at 935. The Ninth Circuit concluded that, because the "success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement," the habeas petition did not "fall within the core of habeas corpus" and that the court lacked jurisdiction to grant habeas relief. *Id.* at 935.

Here, the success of petitioner's claims would not necessarily lead to petitioner's immediate or earlier release. California law governing parole eligibility, for our purposes, has not changed since the *Nettles* decision. State law requires the parole board to consider a long list of factors to determine an inmate's suitability of parole:

> All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's: social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, § 2402(b); *accord In re Vicks*, 56 Cal. 4th 274, 294-99 (2013) (discussing California's parole system and regulatory factors). The parole board must "provide an individualized consideration of all relevant factors." *In re Vicks*, 56 Cal. 4th at 295. Although "serious misconduct in prison" is one of the listed circumstances that tend to show unsuitability for parole, Cal. Code Regs. tit. 15, § 2402(c)(6), the listed circumstances provide "general guidelines" and do not preclude consideration of all relevant information. *See Menefild v. Bd. of Parole Hearings*, 13 Cal. App. 5th 387, 394-95 (Cal. Ct. App. 2017); *accord In re Lawrenc*e, 44 Cal. 4th 1181, 1203 (2008) ("[T]he importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel."). "Because the parole

3

1 board has the authority to deny parole on the basis of any of the grounds presently available to it,

2 the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence

3 of an infraction compel the grant of parole." *Nettles*, 830 F.3d at 935.

4       Petitioner contends otherwise. He has filed two briefs—one filed by his counsel and one

5 filed pro se—in opposition to respondent's motion to dismiss. We will address the arguments

6 raised in each of his briefs.

7       In the brief filed by his counsel, petitioner contends that (1) none of the exhibits cited by

8 respondent support granting the motion to dismiss; (2) this court should decline to follow the

9 *Nettles* decision, which, according to the expert opinion of petitioner's counsel, was decided

10 "from the wrong perspective"; (3) expunging the challenged disciplinary violation in this case

11 would result in petitioner's speedier release; (4) the *Nettles* decision should not govern this case

12 because petitioner seeks expungement of a serious disciplinary violation, not restoration of good

13 conduct credit; and (5) the *Nettles* decision is distinguishable because the petitioner in that case

14 had no expert testimony, unlike petitioner in this case. *See* ECF No. 19 at 4-6.

15       The first, second, fourth, and fifth arguments warrant little discussion. Petitioner does not

16 develop his argument that respondent's exhibits fail to support his motion to dismiss, so we need

17 not consider it. *See Williams v. Rodriguez*, No. 14-cv-2073, 2017 WL 511858, at *9 (E.D. Cal.

18 Feb. 8, 2017) ("Undeveloped arguments that are only argued in passing or made through bare,

19 unsupported assertions are deemed waived.") (citing *Christian Legal Soc. Chapter of Univ. of*

20 *California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010)); *Lexington Ins. Co. v. Silva Trucking, Inc.*,

21 No. 14-cv-p15, 2014 WL 1839076, at *3 (E.D. Cal. May 7, 2014) (collecting cases). We may not

22 depart from the *Nettles* decision—a case heard *en banc* by the Ninth Circuit—by relying on one

23 expert's view that it was wrongly decided. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2422 (2019)

24 ("[A]ny departure from the doctrine demands 'special justification'—something more than "an

25 argument that the precedent was wrongly decided.") (quoting *Halliburton Co. v. Erica P. John*

26 *Fund, Inc.*, 573 U.S. 258, 266, (2014)). The petitioner in the *Nettles* decision sought—as

27 petitioner does in this case—expungement of a serious disciplinary violation in addition to

28 restoration postconviction credits, *Nettles*, 830 F.3d at 934, and whether the petitioner had any

1    expert testimony to offer had no bearing in the *Nettles* decision.  We therefore reject petitioner's

2    arguments that the *Nettles* decision is inapposite.

3         Likewise, we cannot conclude that expungement of petitioner's disciplinary violation

4    would necessarily result in his immediate or speedier release.  Petitioner appears to argue that the

5    success of the petition will result in speedier release because the disciplinary action challenged in

6    this case will result in an automatic denial of parole:

7              Success would affect the fact or duration of his confinement
             because this one disciplinary action will result in Petitioner's parole
8             denial-STANDING ALONE.  That reason is obvious because this
             disciplinary infraction is for possession of a deadly weapon.  If this
9             disciplinary infraction was for possession of excess laundry, or
             food, or library books, that would be a different story.  The
10            undersigned guarantees 100% this is an automatic parole denial.

11            . . .

12            Petitioner has shown by clear and convincing evidence that this
             disciplinary violation is extremely serious.  Expunging it would
13            "spell speedier release."  That is why this Court has jurisdiction.

14   ECF No. 19 4-6.  We are not persuaded.  The fact that petitioner's disciplinary violation will

15   result in an automatic denial of parole means that obtaining parole requires him to obtain

16   expungement; such need for expungement does not guarantee that expungement will necessarily

17   result in speedier release.

18        In his brief prepared pro se, petitioner argues that expunging the challenged disciplinary

19   violation from his record will result in speedier release.  *See* ECF No. 20 at 2-5.  He highlights his

20   efforts to obtain parole and explains why he is a good candidate for parole.  We have found no

21   precedent in which any California state prisoner obtained habeas relief by conclusively showing

22   entitlement to parole.  In any event, even if we were to consider petitioner's circumstances, *see*

23   ECF No. 20 at 3-4, 6-9, we cannot conclude that the petition's success will necessarily result in

24   speedier release.

25        On the one hand, petitioner has presented some evidence that favors parole.  Petitioner

26   began serving his sentence about thirty years ago—as a youthful offender.  During the decades he

27   spent in prison, petitioner completed various education programs and obtained his GED, an

28   associate's degree in business administration, and a bachelor's degree in Christian counseling.  In

October 2018, petitioner became an ordained minister. *Id*. at 21. He is now pursuing a master's

degree. *Id*. at 7. He has obtained a job offer and is married. *Id*. at 8. Although petitioner is

serving a prison sentence for first-degree attempted murder that resulted in a paralyzed victim, *see*

*id*. at 6, 8 and *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000), petitioner has admitted his guilt,

ECF No. 20 at 8, and the "immutable and unchangeable circumstances" of petitioner's offense

does not, by itself, preclude parole, *see In re Lawrence*, 44 Cal. 4th 1181, 1227 (2008).

On the other hand, the record also contains some evidence that appears to weigh against

parole. In 2014, petitioner tested positive for controlled substance while he was in prison.

ECF No. 20 at 9. In 2015, he was found possessing inmate-manufactured alcohol. *Id*. In 2016,

he had some disciplinary action against him for disobeying orders. *Id*. Sometime after 2016, he

incurred another infraction for possessing a cellular phone in prison. *Id*. Prison officials who

conducted the risk assessment on petitioner in 2012 and 2016 concluded that he posed a "high

risk." *Id*. at 9.[2] Given these facts, we cannot find that the petition's success will "necessarily lead

to immediate or speedier release." *Nettles*, 830 F.3d at 934. Because the petition's success will

not necessarily lead to immediate or speedier release, the petition does not fall within "the core of

habeas corpus," so petitioner "must instead bring his claim under § 1983." *Id.* at 935.

### a. Section 1983

The remaining question is whether the court should convert the habeas petition into a

complaint claiming violations of civil rights under Section 1983. In some cases, a district court

may convert a habeas petition into a civil rights complaint, and the Ninth Circuit has remanded

cases that were dismissed under *Nettles* back to district courts, directing the lower courts to

consider converting habeas petitions into civil rights complaints. *See Nettles*, 830 F.3d at 936.

"If the complaint is amenable to conversion on its face, meaning that it names the correct

defendants and seeks the correct relief, the court may recharacterize the petition so long as it

warns the pro se litigant of the consequences of the conversion and provides an opportunity for

the litigant to withdraw or amend his or her complaint." *Id*.

---

[2] In one of petitioner's parole hearings, the parole commissioner noted certain allegations of illicit
gang activity involving petitioner as recent as 2015 or 2016. ECF No. 20 at 9-10.

Here, petitioner has named the warden of his prison as respondent and no one else as a party, so the petition is not amenable to conversion on its face. But deprivation of procedural rights during a prison disciplinary hearing can support a cognizable claim,[3] so we do not recommend dismissing the case in its entirety before allowing petitioner an opportunity to file a Section 1983 complaint. Thus, we recommend that the court grant respondent's motion to dismiss but grant petitioner leave to file a Section 1983 complaint that names proper defendants. If petitioner files a Section 1983 complaint, we will then screen the complaint.

## II.     Certificate of appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not disagree with our conclusion or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

---

[3] *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) ("[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003) (reasoning that prison officials can violate prisoners' due process rights to call witnesses in their defense in disciplinary hearings by refusing to allow live witness testimony); *Williams v. Thomas*, 492 F. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals . . . . Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify.").

**III.  Motion for Appointment of Counsel**

Petitioner filed a motion for appointment of counsel before he retained counsel on his own. ECF No. 13.  Because petitioner is now represented by counsel, we will deny his motion for counsel as moot.  If his counsel ceases to represent him, petitioner may renew his motion.

**IV.  Order**

Petitioner's motion for appointment of counsel, ECF No. 13, is denied without prejudice.

**V.  Findings and Recommendations**

We recommend that the court grant respondent's motion to dismiss, decline to issue a certificate of appealability, and allow petitioner to file a Section 1983 complaint.

We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    August 5, 2019    _____
                            UNITED STATES MAGISTRATE JUDGE

No. 202

8